UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RYK ANTHONY FRICKEY | CIVIL ACTION |
| VERSUS | NO. 24-0556 |
| E. DUSTIN BICKHAM, WARDEN | SECTION "E" (2) |

**ORDER AND REASONS**

Petitioner Ryk Anthony Frickey filed a Motion to Appoint Counsel (ECF No. 21). Broadly construing the motion, Frickey asserts that the alleged complexity of his struggles with the State and Parish criminal justice systems requires the appointment of counsel to assist him with his petition for habeas corpus under 28 U.S.C. § 2254 challenging his 2021 St. Charles Parish conviction for aggravated criminal damage to property. *Id*.; ECF No. 1, at 1 (Petition).

"Although there is no constitutional right to counsel in habeas corpus actions,"[1] the court may provide representation for any financially eligible person who is seeking habeas relief when the interests of justice so require.[2] Appointed counsel is not required unless there is a need for an evidentiary hearing.[3] Furthermore, "[i]f the matter can be resolved on the basis of the record and the pleadings submitted by the parties, the interests of justice do not require the appointment of counsel."[4]

---

[1] *Santana v. Chandler*, 961 F.2d 514, 516 (5th Cir. 1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (no constitutional right to counsel in habeas corpus proceedings); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992); *Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004).
[2] 18 U.S.C. § 3006A(a)(2); *Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985) ("This court appoints counsel to represent a person seeking habeas corpus relief when the interests of justice so require and such person is financially unable to obtain representation."); *Hulsey v. Thaler*, 421 F. App'x 386, 388 n.5 (5th Cir. 2011) (assuming without deciding that § 3006A "in fact applies wholesale to non-capital habeas cases such as this.").
[3] *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011); *United States v. Vasquez*, 7 F.3d. 81 (5th Cir. 1993) (if it is determined that an evidentiary hearing is needed in a habeas corpus action, the appointment of counsel is mandatory).
[4] *Jackson v. Warden*, No. 06-1425, 2006 WL 4041524, at *2 (W.D. La. Oct. 23, 2006) (citing *Boyd v. Groose*, 4 F.3d 669 (8th Cir. 1993), and *Smith v. Groose*, 998 F.2d. 1439, 1442 (8th Cir. 1993)).

Upon review of the record and pleadings, including the State's response, the court finds it unlikely that an evidentiary hearing will be needed to resolve Frickey's claims. The claims before the court, presented in Frickey's original and supplemental petitions, are of a type routinely presented *pro se* and commonly addressed based on the pleadings. The information on which the claims are based is determinable through review of the state court records and rulings. Neither specialized legal knowledge nor additional investigative resources are necessary. Thus, "[a]ppointment of counsel is not warranted in this case because the interests of justice do not require such an appointment."[5]

Should circumstances change as the case develops or the court later determines that an evidentiary hearing is necessary, appointment of counsel may be reconsidered, but is unwarranted at this time. Accordingly,

**IT IS ORDERED** that Frickey's Motion to Appoint Counsel (ECF No. 21) is **DENIED WITHOUT PREJUDICE**.

Dated this 14th day of June, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[5] *Reese v. Cain*, No. 07-30027, 2008 WL 344765, at *2 (5th Cir. Feb. 7, 2008) (citing *Santana*, 961 F.2d at 516).